IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CLIFTON LAMAR WILLIAMS, | § § § | |
| *Petitioner,* | § § | CIVIL ACTION NO. 1:09-CV-271 |
| v. | § § | JUDGE RON CLARK |
| DIRECTOR, TDCJ-CID, | § § | |
| *Respondent.* | § | |

## ORDER DENYING SUBSTITUTION OF COUNSEL

Before the court is a Motion for Substitution of Counsel submitted by current counsel for Petitioner Clifton Lamar Williams. (Dkt. #44). Mr. Williams is scheduled to be executed on June 21, 2018. Current counsel is asking to have Mr. Lee B. Kovarsky, along with Hogan Lovells, LLP, be substituted as new counsel. Mr. Kovarsky intends to pursue alternatives such as Mr. Williams' competency to be executed.

Current counsel, Mr. Seth Kretzer and Mr. James W. Volberding, were appointed to represent Mr. Williams pursuant to 18 U.S.C. § 3599(e). Their appointment under § 3599(e) extends to every stage of available judicial proceedings, including competency and executive clemency. *Battaglia v. Stephens*, 824 F.3d 470, 474 (5th Cir. 2016).

Federal law entitles capital petitioners to the appointment of counsel, but an inmate has no right to the service of an appointed attorney of his choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557, 2565 (2006). An "interest of justice" standard is employed in determining whether to substitute counsel for capital. *Martel v. Clair*, 565 U.S. 648, 659-60, 132 S. Ct. 1276, 1284 (2012). This "context-specific inquiry" involves "several relevant considerations," including: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint;

and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Id.* at 663, 132 S. Ct. at 1287.

In the present case, Mr. Volberding has been representing Mr. Williams since 2009. The Fifth Circuit appointed Mr. Volberding and Mr. Kretzer to represent Mr. Williams in 2013. They have competently represented Mr. Williams through all federal appellate court proceedings. *See Williams v. Stephens*, 761 F.3d 561 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1735 (2015). They have the knowledge about this case and the experience necessary to fully represent Mr. Williams though all stages of the proceedings. Their assertion that they thought their representation ended when the Supreme Court denied certiorari is inconsistent with their appointment pursuant to § 3599(e). Moreover, they did not file a motion to withdraw as counsel when the Supreme Court denied certiorari. There is no indication that a conflict or breakdown has occurred between current counsel and Mr. Williams. Under these facts, the last minute appointment of a new attorney is not in the interest of justice - even if proposed new counsel specializes in last minute challenges to executions. The present motion lacks merit. It is therefore

**ORDERED** that the Motion for Substitution of Counsel (Dkt. #44) is **DENIED**.

**So Ordered and Signed**
**Apr 6, 2018**

_____
Ron Clark, United States District Judge