IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CLIFTON LAMAR WILLIAMS, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | CIVIL ACTION NO. 1:09-CV-271 |
| v. | § | |
| | § | JUDGE RON CLARK |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| *Respondent.* | § | |

## **ORDER**

Petitioner Clifton Lamar Williams is scheduled to be executed on June 21, 2018. Before the court is a motion to reconsider denial of motion for substitution of counsel (Dkt. #50) and motion for stay of execution (Dkt. #51) filed on April 23, 2018 by the law firm of Hogan Lovells US LLP ("Hogan Lovells").

As was noted in the order (Dkt. #45) denying the original motion for substitution of counsel, Mr. Williams is represented by Mr. Seth Kretzer and Mr. James W. Volberding, who were appointed to represent Mr. Williams pursuant to 18 U.S.C. § 3599(e). Their appointment under § 3599(e) extends to every stage of available judicial proceedings. *Battaglia v. Stephens*, 824 F.3d 470, 474 (5th Cir. 2016).

Federal law entitles capital petitioners to the appointment of counsel, but an inmate has no right to the service of an appointed attorney of his choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557, 2565 (2006). An "interest of justice" standard is employed in determining whether to substitute counsel for capital cases. *Martel v. Clair*, 565 U.S. 648, 659-60, 132 S. Ct. 1276, 1284 (2012). This "context-specific inquiry" involves "several relevant considerations," including: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's

complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Id.* at 663, 132 S. Ct. at 1287.

In the present case, Mr. Volberding has been representing Mr. Williams since 2009. The Fifth Circuit appointed Mr. Volberding and Mr. Kretzer to represent Mr. Williams in 2013. They have competently represented Mr. Williams throughout all federal court proceedings. *See Williams v. Stephens*, 761 F.3d 561 (5th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S. Ct. 1735 (2015). They have the knowledge about this case and the experience necessary to fully represent Mr. Williams thoughout all stages of the proceedings. Mr. Volberding has advised the court that he is filing a successor state habeas petition in state court and will file, if necessary, a successor habeas petition in this court. He is actively representing Mr. Williams.

There is no showing of an appropriate basis for a last minute substitution of counsel. The manner and submission of Hogan Lovells' motion for substitution of counsel is indicative of gamesmanship and is not in the interest of justice. The motion to reconsider reveals that Hogan Lovells has been in contact with Mr. Williams and is interfering with the relationship between an attorney and his client. Therefore, it is **ORDERED** that the pleadings submitted by Hogan Lovells (Dkt. ##50,51) are **STRUCK**. The Clerk of Court is instructed that before filing any further motions or pleadings in this case, Hogan Lovells shall first file a request to this court to file the same, and only if the request is granted shall the motion or pleading be filed.

**So Ordered and Signed**
Apr 25, 2018

_____
Ron Clark, United States District Judge